# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00198-CR

**Mark Patrick Franke, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. B-07-0706-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On June 9, 2009, appellant Mark Patrick Franke pled guilty to the charge of engaging in organized criminal activity and was placed on deferred adjudication for a period of five years. On April 29, 2011, the State moved to revoke deferred adjudication, alleging that Franke had violated the terms of his deferred adjudication community supervision, including (1) the commission of three new offenses during the period he was on community supervision, including one felony, (2) three technical violations of failure to report his status to law enforcement, and (3) failure to perform any of the community service which was part of the deferred adjudication agreement. However, there was testimony that Franke had paid his fines and court costs. The court then admitted, without objection from the defense, a sworn stipulation of evidence in which Franke pled true to all the violations the State had alleged. Further, the State offered evidence that Franke had been convicted of two prior felonies, with the second conviction occurring after the first conviction became final.

The trial court found the allegations to be true, adjudicated his guilt, and sentenced him to 25 years imprisonment. Franke's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 743-44 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 74, 80 (1988); *Anders*, 387 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Franke's attorney sent appellant a copy of the brief and advised him that he had the right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). No pro se brief has been filed.

Having reviewed the evidence presented at the adjudication hearing and the procedures that were observed at the hearing, we find nothing in the record that might arguably support the appeal. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

---

[1] No substitute counsel will be appointed. Should Franke wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in court of criminal appeals). A petition for discretionary review must be filed within thirty days from the date of this opinion or the date this Court overrules the last timely motion for rehearing. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed:   March 22, 2013

Do Not Publish